FRED REUMPING V. JOHN C. WHARTON ET AL.

FILED NOVEMBER 3, 1898. No. 8411.

1. **Negligence of Attorney: ACTION FOR DAMAGES: EVIDENCE.** In an action against attorneys at law for damages because of their alleged failure to obtain, upon appeal, the modification of a decree in like manner with others of the parties who did appeal, a failure of the evidence to show like conditions *held* to justify the supreme court's refusal to disapprove of an instruction of the district court to find for the defendants in such action for damages.

2. ———: **OPINION: MISTAKE: DAMAGES.** The expression of an opinion as to the probabilities of realizing a certain sum upon the sale of real property is not such an expression of opinion as renders liable an attorney at law because of a mistake in such estimate.

ERROR from the district court of Douglas county. Tried below before BLAIR, J. *Affirmed.*

*C. J. Smyth, I. J. Dunn,* and *Mahoney & Smyth,* for plaintiff in error.

*J. H. McCulloch, contra.*

RYAN, C.

Plaintiff sued the defendants in the district court of Douglas county for damages alleged to have been sustained by reason of their negligence. In accordance with a peremptory instruction there was a verdict in favor of the said defendants, and by proceedings in error plaintiff seeks the reversal of the judgment thereon rendered. In the petition it was averred that the defendants, during all the transactions described in the petition, were attorneys at law engaged in the practice of their profession in Omaha; that for labor done and materials furnished plaintiff was entitled to a mechanic's lien on two certain described lots in Omaha, and for the preservation and enforcement of said lien had taken the steps prescribed by law; that after taking such steps plaintiff employed the defendants to do all things necessary to foreclose said lien in said district court, and to do all things that might be necessary to enforce the collection of the amount thereof, whether such things were required to be done in the said district court or in the supreme court of the state; that said defendants accepted said employment and procured a decree of foreclosure of said lien, which decree was duly entered of record in the case of the Bohn Sash & Door Company against Case & Kennedy and others, and that in said decree there were a great many other mechanics' liens, together with some mortgage foreclosures, which were divided into classes according to the order in which they were to be paid out of the fund to be created by the sale of the two lots affected by said decree. In round numbers the first class covered the costs of the foreclosure proceedings, $1,000. The second class was composed of a claim of P. H. Mahoney & Co. for $198; the third class was made up of the amount due J. Jeffries & Sons on a mortgage, which amount was $19,770. The fourth class embraced numerous claims in the aggregate amounting to $10,000, in which class was the claim of plaintiff for $2,515 and

that of George A. Hoagland for $3,152. In the tenth class it was averred were the claims of the Bohn Sash & Door Company and Edward Tighe, the first for $5,312 and the last for $845, a total of $6,157. It was alleged in the petition that the Bohn Sash & Door Company appealed from the aforesaid decree to the supreme court and made all other parties to the suit appellees and caused them to be served with notice of the appeal, and that defendants, as attorneys for plaintiff, were served with notice of the appeal and knew the same had been taken. The negligence imputed to the defendants was thus described in the petition: "Plaintiff further states that the said Wharton & Baird negligently failed to appear in the supreme court in behalf of this plaintiff, as they were required by the terms of their contract to do, and failed and refused to carefully preserve and enforce the interest of this plaintiff in said suit in the supreme court, and failed to urge that plaintiff's claim was entitled to priority over the said $19,770 of the mortgage of said John Jeffries & Sons, and failed and neglected, in violation of their duty to this plaintiff and of their duty as attorneys at law, to present to said supreme court the right of this plaintiff in said suit, and failed and neglected to discharge their duties owing by them to this plaintiff and resting upon them by reason of their employment in said case as attorneys to watch and guard the interests of this plaintiff and conduct his suit with reasonable care and skill; and that by reason of said failure, neglect, and want of skill upon the part of said Wharton & Baird this plaintiff's claim was not placed ahead of the claim of the said John Jeffries & Sons for $19,770.90, as aforesaid, and was not placed in the second class with the claims of the Bohn Sash & Door Company, Edward Tighe, P. H. Mahoney & Company, and George A. Hoagland." It was further charged in the petition that the defendants became the attorneys of the firm of J. Jeffries & Sons, whose interests were adverse to those of plaintiff, but this averment is of no impor-

tance in this case, for the gravamen of plaintiff's action was negligence, and not bad faith, as to which there was no proof whatever. It was further averred in the petition that the lots against which the decree was entered sold for $30,010, which was insufficient to pay all of the claims of the first, second, and third classes, for which reason plaintiff received nothing on his claim in the fourth class, but that, if plaintiff's claim had been placed in the second class, it would have been paid in full. The prayer was for judgment for an amount equal to the claim of plaintiff as established by the aforesaid decree.

The opinion in the case above referred to as having been appealed to this court was reported in *Bohn Sash & Door Co. v. Case,* 42 Neb. 281. A reference to the figures above given discloses that under the decree in the district court there were established, first, a claim for costs $1,000; second, a claim in favor of P. H. Mahoney & Co. for $198; and, third, a mortgage lien in favor of J. Jeffries & Co. for $19,770,—in all the aggregate of $20,568. Upon the readjustment of priorities in the supreme court the claims of the Bohn Sash & Door Company and Edward Tighe, aggregating $6,157 in amount, were advanced from the tenth class to the second class, thus being preferred to the claim of plaintiff herein. In the fourth class, in which was plaintiff's claim, was that of George A. Hoagland for $3,152, which was likewise advanced to the second class. To the claims recognized as prior to plaintiff's by the district court there were thus added the above two sums of $6,157 and $3,152 in the supreme court,—in the aggregate $9,309. This amount added to that which in the district court had been established as paramount to the claim of plaintiff, $19,770, made a total sum of $29,079 to which the claim of plaintiff was subject and inferior. The insistence of plaintiff now is that the sale of the property for $30,010 failed to provide means for the payment of claims in the fourth class, and that if his claim had been advanced to second class as it should have been, he would have been

paid in full. To establish his right to thus have his claim advanced to the second class counsel for Mr. Reumping offered in evidence the record and bill of exceptions filed in the supreme court in the case entitled *Bohn Sash & Door Co. v. Case, supra*, and read certain parts thereof, including the testimony of Mr. Reumping himself. In neither this testimony, nor elsewhere, did plaintiff, or any one else, testify when plaintiff's claim for a mechanic's lien was filed in the office of the register of deeds of Douglas county. Very probably and very naturally his counsel assumed that this fact would be disclosed by the indorsement upon the claim itself. A copy of this, or at least what purports to be a copy thereof, was offered and attached to the bill of exceptions as "Exhibit R," but on this there is found no memorandum showing when, if ever, it was so filed. Judging from this condition of the proofs, as we are bound to do, there was no evidence from which the jury could properly have found that the district court erred in placing this claim in the fourth class. On the original hearing and on the motion for a rehearing in the case of *Bohn Sash & Door Co. v. Case, supra*, we were very clear that the advancement of the claims which we advanced to the second class was proper, and in this case we have found no evidence which would have justified a jury in assuming that this court would or should modify its views expressed in the original action. The testimony of Mr. Reumping rather tended to show a misapprehension of conditions of fact than of law on the part of Messrs. Wharton & Baird. In effect, plaintiff testified that upon the entry of the decree in the district court these gentlemen said to him it would be of no advantage to him for an appeal to be taken in his behalf, because the property would sell for sufficient to pay plaintiff's claim though it stood in the fourth class. This conjecture was not one which involved the exercise of legal knowledge; indeed, it is quite likely that in the ratio in which attorneys at law qualify themselves to judge of the value of real property they may disqualify

themselves for the proper performance of their professional duties. Even if plaintiff in this case relied upon the knowledge of the value of real property possessed by his counsel, any mistaken estimate in that respect would not subject such counsel to liability for damages.

As a matter of fact the testimony shows that plaintiff was satisfied with being placed in the fourth class, and that both himself and his counsel expected that in that class he would be paid in full. There was no wish expressed by him that the decree of the district court should be disturbed; indeed, he was satisfied with that decree. His dissatisfaction is because of the fact that certain parties who appealed were successful, and because he assumes that if he too had appealed it would have been with a like result. As we have already stated, there was no evidence before the jury for the justification of the assumption that plaintiff's claim would have been advanced to the second class, whereby he would have secured priority over the rights of J. Jeffries & Sons. As there is no error upon the face of the record the judgment of the district court is

AFFIRMED.